UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ELLEN GLASS | : |
|            Plaintiff, | : |
| v. | : Case No.: 3:22-cv-25 |
| | : **JURY TRIAL DEMANDED** |
| KALYAN HOSPITALITY, | : |
| d/b/a COMFORT SUITES SOUTHPARK, | : |
|            Defendant. | : |

## COMPLAINT

Plaintiff Ellen Glass, by counsel, moves for judgment against Defendant Kalyan Hospitality, d/b/a Comfort Suites Southpark.

## PARTIES

1. Plaintiff, Ellen Glass, an individual, and for all times relevant to this Complaint, is a resident and domiciliary of the State of Florida.

2. Defendant, Kalyan Hospitality, doing business as Comfort Suites Southpark, is a limited liability corporation, incorporated under the laws of Virginia, with its registered office and primary place of business located at 931 South Ave., Colonial Heights, Virginia, 23834.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the Parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claim in this action occurred in Colonial Heights, Virginia, which is located within the Richmond Division pursuant to Local Rule 3(B)(4).

## **FACTUAL ALLEGATIONS**

6. On January 25, 2020, Ms. Glass was driving through Virginia on her way back to her home in Florida.

7. On the evening of January 25, 2020, Ms. Glass stopped at Comfort Suites Southpark, a hotel in Colonial Heights, Virginia, which is owned and managed by the Defendant.

8. Ms. Glass paid for a room and a hotel clerk provided her with a room key.

9. That evening, Ms. Glass decided to use the hotel's indoor hot tub.

10. The hot tub is equipped with a handrail.

11. The handrail's exclusive purpose is to be used by guests to aid them in safely entering and exiting the hot tub.

12. Defendant owns the hot tub, including the handrail, and has exclusive control of the handrail's maintenance.

13. Defendant has actual awareness that guests use the handrail and the purpose of using the handrail is for guest safety.

14. When Ms. Glass decided to use the hot tub, she properly used the handrail to assist her.

15. When Ms. Glass grasped the handrail to assist herself, the handrail suddenly, and without warning, came loose from its foundation.

16. The sudden movement of the handrail caused Ms. Glass to lose her balance, causing one of her knees to twist and buckle. She heard a popping sound as she fell. Her knee slammed into the concrete step below her, causing her immediate pain.

17. Ms. Glass left the scene in an ambulance due to her substantial injury.

## NEGLIGENCE – Virginia Common Law

18. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

19. At all times relevant to this action, Ms. Glass was a business invitee of Defendant.

20. At all relevant times, Defendant owned and operated the Comfort Suites hotel at which Ms. Glass was staying.

21. Defendant owes to all invitees, including Ms. Glass, a duty to inspect and maintain the premises, including all amenities offered to guests during their stay, to remove unsafe conditions or adequately warn invitees of the unsafe condition.

22. By allowing guests to use the hot tub and installing a safety handrail on that hot tub, Defendant invited Ms. Glass to make use of the handrail.

23. Ms. Glass used the handrail in the manner that it is intended to be used.

24. The handrail's failure during proper use shows that the handrail was improperly installed or improperly maintained.

25. Defendant had a duty to ensure that the handrail was properly installed and properly maintained.

26. An adequate inspection of the handrail would have revealed that the handrail was not in a safe working condition.

27. The unsafe condition of the handrail was not reasonably obvious, noticeable, or apparent to persons exercising ordinary care, including Ms. Glass, who made use of the handrail.

28. Defendant knew, or reasonably should have known, that the handrail was not in proper working order at the time of Ms. Glass's accident.

29. As a direct and proximate result of Defendant's negligence, Ms. Glass suffered and continues to suffer bodily injuries and resulting physical pain and suffering, disability, mental

anguish, humiliation and embarrassment, inconvenience, medical expenses, loss of earnings, and has otherwise been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of $750,000, with interest as allowed by law from the date of the accident.

**TRIAL BY JURY IS REQUESTED.**

Respectfully submitted,

_____/s/_____
Connor Bleakley, Esq. (VSB No. 92113)
Commonwealth Law Group
3311 W Broad St.
Richmond, VA 23230
P: 804-999-9999
F: 804-716-5031
cbleakley@hurtinva.com
*Counsel for Plaintiff*